UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE MARKBREITER,

Plaintiff,

v.

BARRY L. FEINBERG, M.D., P.C. and BARRY L. FEINBERG,

Defendants.

**CIVIL ACTION NUMBER: 09-Civ. 05573 (LAK)**

**AMENDED ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants, Barry L. Feinberg, M.D., P.C. and Barry L. Feinberg (collectively "Defendants"), by their attorneys, Peckar & Abramson, P.C., hereby answer the Amended Complaint of Plaintiff Stephanie Markbreiter ("Plaintiff") as follows:

## PARTIES

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Amended Complaint.

2. Defendants admit the allegations contained in Paragraph "2" of the Amended Complaint.

3. Defendants admit the allegations contained in Paragraph "3" of the Amended Complaint.

4. Defendants deny the allegations contained in Paragraph "4" of the Amended Complaint except admit that Defendant Barry L. Feinberg is an officer of Barry L. Feinberg, M.D, P.C.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**JURISDICTION**

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Amended Complaint, except admit that jurisdiction and venue are purportedly invoked pursuant to the cited statutes. Defendants further deny that they violated any federal or state law or that they engaged in any unlawful conduct with regard to Plaintiff that could give rise to a claim.

**FIRST CLAIM (Fair Labor Standards Act)**

6. Defendants neither admit nor deny the allegations contained in Paragraph "6" of the Amended Complaint because the allegations constitute legal conclusions to which no response is required.

7. Defendants deny the allegations contained in Paragraph "7" of the Amended Complaint except admit that Plaintiff was employed from on or about September 30, 1993 through March 28, 2008 and paid at a rate of $54,000 per year. Defendants further aver that Plaintiff received an expense account, a monthly bonus of $250 and various other benefits.

8. Defendants neither admit nor deny the allegations contained in Paragraph "8" of the Amended Complaint because the allegations constitute legal conclusions to which no response is required.

9. Defendants neither admit nor deny the allegations contained in Paragraph "9" of the Complaint because the allegations constitute legal conclusions to which no response is required.

9(a). Defendants deny the allegations contained in Paragraph "9(a)" of the Amended Complaint except admit that Plaintiff was on occasion provided with a pager.

9(b). Defendants deny the allegations contained in Paragraph "9(b)" of the Amended Complaint.

9(c). Defendants deny the allegations contained in Paragraph "9(c)" of the Amended Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of the Amended Complaint.

11. Defendants deny the allegations contained in Paragraph "11" of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Amended Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the Amended Complaint.

14. Defendants deny the allegations contained in Paragraph "14" of the Amended Complaint.

15. Defendants deny the allegations contained in Paragraph "15" of the Amended Complaint.

16. Defendants neither admit nor deny the allegations contained in Paragraph "16" of the Amended Complaint because the allegations constitute legal conclusions to which no response is required.

17. Defendants deny the allegations contained in Paragraph "17" of the Amended Complaint.

16. Defendants deny the allegations contained in the Second Paragraph "16" of the Amended Complaint.

**SECOND CLAIM (New York Labor Law)**

17. In response to the Second Paragraph "17" of the Amended Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "16" of this Answer with the same force and effect as if fully set forth herein.

18. Defendants deny the allegations contained in Paragraph "18" of the Amended Complaint.

19. Defendants deny the allegations contained in Paragraph "19" of the Amended Complaint.

20. Defendants deny the allegations contained in Paragraph "20" of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

21. The Court lacks subject matter over the claims asserted in Plaintiff's Amended Complaint.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

22. The Amended Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff held a position of employment which is exempt from coverage of the Fair Labor Standards Act and/or New York Labor law.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

24. Defendants are not employers covered by the Fair Labor Standards Act and/or New York Labor Law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff failed to exhaust administrative remedies.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are barred by the applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

27. Plaintiff's claims are barred by the doctrine of laches.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff's claims are barred by the doctrine of waiver.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are barred by the statute of frauds.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred by the doctrine of unclean hands.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

31. Plaintiff did not work more than forty hours a week.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

32. Plaintiff was properly paid for all hours worked.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

33. If the unlawful acts and/or omissions alleged in the Amended Complaint were engaged in by Defendants, which Defendants deny, Defendants did not do so willfully. Accordingly, pursuant to section 6(a) of the Portal-to-Portal Act of 1947, as amended , 29

LAW OFFICES
Peckar & Abramson
A Professional Corporation

U.S.C.§ 225(a), the Complaint is barred in whole or in part by the two year statue of limitation.

**AS AND FOR A FOURTEENTH AFFIRMATIVE**

34. At all times relevant to this action Defendants acted in good faith and on reasonable grounds. Plaintiff did not voice questions or concerns about her weekly hours or wages until after she left the Defendants' employment.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims may be subject to the *de minimis* rule, 29 C.F.R. §785.47, because they involve insignificant amounts of overtime.

**AS AND FOR A SIXTEENTH DEFENSE**

36. The Federal Court should decline to exercise federal supplemental jurisdiction over Plaintiff's claims based on state law where the supplemental claims precede the federal statute of limitations.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

37. Defendants have acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

**AS AND FOR AN EIGHEENTH AFFIRMATIVE DEFENSE**

38. The Complaint is barred in whole or part because Plaintiff cannot demonstrate she entitled to recover liquidated damages. Defendants have at all times compensated

LAW OFFICES
Peckar & Abramson
A Professional Corporation

Plaintiff with good faith belief her compensation was in compliance with law and with a reasonable basis for believing her salary was in compliance with FLSA.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

39. If the unlawful acts and/or omissions alleged in the Complaint were engaged in by Defendants which Defendants deny, Defendants did not do so willfully. Accordingly, the Complaint is barred in whole or in part by the statute of limitations applicable to Plaintiff's state law claims.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are barred by the Faithless Servant Doctrine

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

41. Defendants reserve the right to assert and allege any other defenses which have not yet been asserted by reason of lack of knowledge of the facts pertaining to this claim and/or may subsequently become or may appear applicable to some or all of Plaintiff's claims

## COUNTERCLAIMS

### NATURE OF THE COUNTERCLAIMS

1. Defendants Barry L. Feinberg, M.D., P.C. and Barry L. Feinberg (collectively "Defendants") bring these Counterclaims against Plaintiff for breach of fiduciary duty and the duty of loyalty, the faithless service doctrine, tortious interference with prospective economic advantage and tortious interference with business relations.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Counterclaims in this action pursuant to 28 U.S.C. § 1367 (supplemental) because the Counterclaims arise under many of the same facts and circumstances as the claims in the Amended Complaint.

3. Venue is proper in this District because Defendants' office is located in this District and incidents alleged in the below Counterclaims took place in this District.

### PARTIES

4. Upon information and belief, Plaintiff Stephanie Markbreiter ("Plaintiff") resides in the County of New York and State of New York.

5. Defendant Barry L. Feinberg, M.D. P.C. ("Feinberg P.C.") is located at 750 Park Avenue, New York, New York.

6. Feinberg P.C. provides health care services primarily in the field of psychiatry.

7. Barry L. Feinberg is a physician licensed to practice medicine in the state of New York and is an officer of Feinberg, P.C.

8. Plaintiff was employed by Feinberg, P.C. as a an office manager during the time period of on or about September 30, 1993 to on or about March 28, 2008.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

9. As office manager, Plaintiff would receive patient referrals for Defendants from various sources.

10. As office manager, Plaintiff would also contact various sources and take other actions to obtain patient referrals for Defendants.

11. After Plaintiff obtained said referrals she would facilitate admission to an appropriate health care facility for examination and treatment by Defendant Barry L. Feinberg.

12. Upon information and belief, during the course of Plaintiff's employment with Defendants, Plaintiff on numerous occasions intentionally and wrongfully diverted Defendants' patient referrals to other Physicians which were in competition with Defendants in return for compensation.

13. Plaintiff further performed work and services for businesses non-related to Defendants while employed by Defendants.

14. Plaintiff engaged in the foregoing conduct during the course of her regular work hours for Defendants.

15. Plaintiff used Defendants' equipment for the purpose of engaging in such conduct.

16. As a result of Plaintiff's conduct, Defendants have lost substantial business due to a loss of patients and work thereby causing them damages.

**AS AND FOR A FIRST COUNTERCLAIM**
**(Breach of Fiduciary Duty)**

17. Defendants repeat the allegations of paragraphs "1" through "16" of these Counterclaims as if set forth at length herein.

18. Plaintiff was employed by Defendants in a position of trust and confidence.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

19. As an employee of Defendants, Plaintiff owed Defendants a duty of loyalty and honesty. By virtue of these duties, Plaintiff was prohibited from acting in a disloyal manner, or in any way inconsistent with that fiduciary relationship.

20. Plaintiff's aforesaid conduct with regard to diverting Defendants' patients to other Physicians constitutes a breach of the fiduciary duty owed to Defendants.

21. As a consequence of Plaintiff's forgoing intentional breach of her fiduciary duty to Defendants, Defendants have been injured, for which they are entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

**AS AND FOR A SECOND COUNTERCLAIM**
**(Breach of the Duty of Loyalty)**

22. Defendants repeat the allegations of paragraphs "1" through "21" of these Counterclaims as if set forth at length herein.

23. Plaintiff was employed by Defendants in a position of trust and confidence.

24. As an employee of Defendants, Plaintiff owed Defendants a duty of loyalty and honesty. By virtue of these duties, Plaintiff was prohibited from acting in a disloyal manner, or in anyway inconsistent with the employment relationship.

25. Plaintiff's aforesaid conduct with regard to diverting Defendants' patients to other Physicians constitutes a breach of the duty of loyalty owed to Defendants.

26. As a consequence of Plaintiff's forgoing intentional breach of her duty of loyalty to Defendants, Defendants have been injured, for which they are entitled to recover damages including but not limited to financial loss, loss of good will and reputation,

compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

**AS AND FOR A THIRD COUNTERCLAIM**
**(Faithless Servant Doctrine)**

27. Defendants repeat the allegations of paragraphs "1" through "26" of these Counterclaims as if set forth at length herein.

28. Plaintiff was employed by Defendants in a position of trust and confidence.

29. As an employee of Defendants, Plaintiff owed Defendants a duty of loyalty, honesty and fidelity. By virtue of these duties Plaintiff was prohibited from acting in a disloyal manner, or in any way inconsistent with that trust relationship.

30. Pursuant to the faithless servant doctrine, Plaintiff was obligated to be loyal to Defendants and was prohibited from acting in manner inconsistent with her agency or trust and was bound to exercise the utmost good faith and loyalty in the performance of her duties.

31. Plaintiffs' aforesaid conduct with regard to diverting Defendants' patients to other Physicians and performing work and services for businesses non-related to Defendants while employed by Defendants constitutes conduct rising to the level of a cause of action pursuant to the faithless service doctrine.

32. Plaintiff's activity was related to the performance of her duties.

33. Plaintiff's disloyalty permeated her services in its most material and substantial part.

34. As a consequence of Plaintiff's conduct, which constitutes a cause of action pursuant to the faithless servant doctrine, Defendants have been injured, for which they are entitled to recover damages including but not limited to the return of wages, bonuses and other compensation paid to Plaintiff, financial loss, loss of good will and reputation,

compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

**AS AND FOR A FOURTH COUNTERCLAIM**
**(Tortious Interference with Prospective Economic Advantage)**

35. Defendants repeat the allegations of paragraphs "1" through "34" of these Counterclaims as if set forth at length herein.

36. There exists a reasonable expectation of economic advantage or benefit on the part of Defendants with respect to their business relations with their patients.

37. Plaintiff possesses knowledge of Defendants' expectation of economic benefit or advantage with regard to their patients.

38. Plaintiff, intentionally, willfully, maliciously and unjustifiably interfered with Defendants' reasonable expectation of economic advantage by referring Defendants' patients to other competing Physicians. Plaintiff took such action with the intent to harm Defendants.

39. As a consequence of Plaintiff's wrongful conduct, Defendants have been injured, for which they are entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

**AS AND FOR A FIFTH COUNTERCLAIM**
**(Tortious Interference with Business Relations)**

40. Defendants repeat the allegations of paragraphs "1" through "39" of these Counterclaims as if set forth at length herein.

41. Plaintiff, tortiously, intentionally, willfully, maliciously and unjustifiably interfered with Defendants' business relations by diverting Defendants' patients to other competing Physicians.

42. As a consequence of Plaintiff's wrongful conduct, Defendants have been injured, for which they are entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

**JURY DEMAND**

Defendant demand a trial by jury on their Affirmative Defenses and Counterclaims.

**WHEREFORE**, Defendants demand the following:

a. Judgment dismissing the Amended Complaint in its entirety with prejudice;

b. Judgment granting all of Defendants' Counterclaims in their entirety and awarding damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount to be proven at trial;

c. Judgment granting Defendants costs and reasonable attorneys fees incurred in this action;

d. together with such other and further relief as the Court deems just and proper.

PECKAR & ABRAMSON, P.C.

By:____________________________
AARON C. SCHLESINGER (AS-8744)
Attorneys for Defendants
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909

Dated: New York, New York
September 18, 2009

To: Robert A. Meister, Esq.
Pedowitz & Meister, LLP
Attorneys for Plaintiff
Stephanie Markbreiter
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7330

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**DECLARATION OF SERVICE**

I declare that, on this date, a copy of this Amended Answer with Affirmative Defenses and Counterclaims was electronically served pursuant to Local Civil Rule 5.2 upon counsel for Plaintiff as follows:

Robert A. Meister, Esq.
Pedowitz & Meister, LLP
Attorneys for Plaintiff
Stephanie Markbreiter
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7330

Dated: September 18, 2009

By: ______________________
AARON C. SCHLESINGER (AS-8744)

LAW OFFICES
Peckar & Abramson
A Professional Corporation