UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHANIE MARKBREITER,

                                    Plaintiff,

        v.

BARRY L. FEINBERG, M.D., P.C. and
BARRY L. FEINBERG,

                                    Defendants.

---

**CIVIL ACTION NUMBER:
09-cv-05573 (LAK)**


**<u>ORAL ARGUMENT REQUESTED</u>**

---

**DEFENDANTS' MEMORANDUM OF LAW SUBMITTED IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AN ORDER SEEKING TO DISMISS
DEFENDANTS' COUNTERCLAIMS AND STRIKING THEIR TWENTIETH
AFFIRMATIVE DEFENSE PURSUANT TO RULES 12 (c) AND (f)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

---

PECKAR & ABRAMSON, P.C.
Attorneys for Defendants
Barry L. Feinberg, M.D., P.C. and
Barry L. Feinberg
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909

*On the Brief*:   Aaron C. Schlesinger, Esq.
                        Robert H. Benacchio, Esq.

# TABLE OF CONTENTS

PAGE(S)

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

PRELIMINARY STATEMENT ..................................................................... 1

STATEMENT OF FACTS/PROCEDRURAL HISTORY ............................... 3

    A.  The Pleadings ................................................................................. 3

    B.  Plaintiff's Responses to Defendants' Requests for Admissions ............................ 4

    C.  The Parties Have Engaged in Substantial Discovery on Defendants' Twentieth Affirmative Defense and Counterclaims ................ 6

ARGUMENT ................................................................................................ 7

    POINT I

    THIS COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER DEFENDANTS' COUNTERCLAIMS ............................................... 7

    A.  Plaintiff's Motion Misapprehends Torres and the Supplemental Jurisdiction Statute ..................................................... 7

    B.  The Court Should Exercise Supplemental Jurisdiction Over Defendants' Counterclaims Because they are Compulsory .................. 8

    C.  Torres Does Not Prohibit Federal Courts From Taking Supplemental Jurisdiction Over A Faithless Servant Doctrine Counterclaim in an FLSA Action ................................................... 11

    POINT II

    DEFENDANTS' FAITHLESS SERVANT AFFIRMATIVE DEFENSE IS LEGALLY SUFFICIENT ......................................................... 16

    CONCLUSION ..................................................................................... 21

CASES                                                                                           PAGE(S)

FEDERAL CASES

Ahle v. Veracity Research Co., 641 F. Supp. 2d 857 (D. Minn. 2009)...................................12

Arcusa v. Lisa Coplan-Garder, P.A., 2007 WL 3521986 (M.D. Fla. 2007)..........................13

Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562
(S.D.N.Y. 1989).........................................................................................................16, 17

Carter-Wallace, Inc. v. Riverton Labs, Inc., 47 F.R.D. 366
(S.D.N.Y. 1969).................................................................................................................16

Fentner v. Tempest Recovery Services, Inc., 2008 WL 4147346 (W.D.N.Y. 2008)...........8, 9

George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,
554 F.2d 551 (2d Cir. 1977) ...........................................................................................16

Jones v. Ford Motor Credit Company, 358 F. 3d 205 (2d Cir. 2004)................................8, 9

Juster Associates v. City of Rutland, Vermont, 901 F.2d 266 (2d Cir. 1990) .....................16

Kristensons-Petroleum, Inc. v. Sealock Tanker Co., Ltd., 304 F. Supp. 2d 584
(S.D.N.Y. 2004).......................................................................................................................9

Lombardi v. City of Cornersville, TN, 2007 WL 190324
(M.D. Tenn. 2007) .............................................................................................................14

Phansalkar v. Anderson Weinroth & Co., L.P., 344 F.3d 184 (2d Cir. 2003) ..............17, 19

Sanders v. Madison Square Garden, L.P., 2007 W.L. 1933933
(S.D.N.Y. 2007)............................................................................................................12, 17

SEC v. Toomey, 866 F.Supp. 719 (S.D.N.Y. 1992) .................................................................16

Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447 (S.D.N.Y. 2008), ..........7, 11, 12

United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130,
16 L.Ed.2d 281 (1966) .........................................................................................................8

**CASES**                                                                                   **PAGE(S)**

William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935,
939 (2d Cir. 1984) vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324,
92 L.Ed. 2d 731 (1986); ............................................................................................16

Zambrana v. Geminis Envios Corp., 2008 WL 2397624 (S.D. Fla. 2008)............................12


**STATE CASES**

Feiger v. Iral Jewelry Ltd., 41 N.Y.2d 928, 394 N.Y.S.2d 626 (1977)...................................17

Lamdin v. Broadway Surface Adver. Corp., 272 N.Y. 133 (1936) ........................................17

Maritime Fish Prods., Inc. v. Worldwide Fish Prods., Inc., 100 A.D.2d 81, 474
N.Y.S.2d 281 (1st Dep't 1984) ....................................................................................17, 19

Western Elec. Co. v. Brenner, 41 N.Y.2d 291 (1977) .........................................................17


**FEDERAL STATUTES**

28 U.S.C. §1367...........................................................................................................7, 9, 11

28 U.S.C. §1367(a) ...........................................................................................................8

29 U.S.C. § 201..................................................................................................................1, 3

Rule 12(c) of the Federal Rules of Civil Procedure ....................................................16, 17, 20

Rule 12(f) of the Federal Rules of Civil Procedure ....................................................16, 17, 20

Rule 13(a) of the Federal Rules of Civil Procedure ...........................................................9

Rule 13(b) of the Federal Rules of Civil Procedure ...........................................................9

Defendants Barry L. Feinberg, M.D., P.C. ("Feinberg P.C.") and Barry L. Feinberg ("Dr. Feinberg") (collectively "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff Stephanie Markbreiter's Motion for an Order Seeking to Dismiss Defendants' Counterclaims and Striking their Twentieth Affirmative Defense pursuant to Rules 12(c) and (f) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

By way of this action, Plaintiff alleges that Defendants, a psychiatric practice, failed to pay her overtime wages while employed by them as an office manager pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and New York State Labor Law. (See Exhibit "A"). In response, Defendants filed and served Plaintiff with an Answer with Affirmative Defenses and Counterclaims on September 18, 2009. Defendants' twentieth affirmative defense is based on the faithless servant doctrine. (See Exhibit "B"). Defendants' counterclaims assert the following five causes of actions:

    a.     Breach of Fiduciary Duty;

    b.     Breach of the Duty of Loyalty;

    c.     Faithless Servant Doctrine;

    d.     Tortious Interference with Prospective Economic Advantage; and

    e.     Tortious Interference with Business Relations.

(See Exhibit "B"). The basis of Defendants' faithless servant doctrine affirmative defense and counterclaims is that during the course of Plaintiff's employment with them, and during the course of her regular work hours, she worked for a direct competitor to Defendants as well as on

---

[1] All exhibits cited herein refer to the exhibits annexed to the Declaration of Aaron C. Schlesinger, Esq. submitted in opposition to the instant motion.

her own personal business and used Defendants' equipment to provide such services resulting in damages to Defendants. It is also claimed that Plaintiff should not be entitled to overtime pay because she engaged in such conduct during the course of the hours that she was supposed to be working for Defendants, she did not work the appropriate amount of hours required to be eligible for overtime compensation.[2] Consistent with the foregoing, Plaintiff admits in her responses to Defendants' First and Second Requests for Admissions that during the course of her employment with Defendants and during the course of her regular work hours, she worked for a direct competitor to Defendants as well as on her own personal business and used Defendants' equipment to provide such services. (See Exhibits "D" and "E" respectively).

Now after two sets of discovery demands have been exchanged and responded to, and after Dr. Feinberg has been deposed by Plaintiff for an entire day, Plaintiff moves to dismiss Defendants' counterclaims and strike their twentieth affirmative defense pursuant to Rules 12(c) and (f) of the Federal Rules of Civil Procedure. As discussed below, Plaintiff's motion must be denied in its entirety because:

a.   The Court may exercise supplemental jurisdiction over Defendants' counterclaims because they are compulsory and derive from the same nucleus of operative facts as Plaintiff's FLSA and New York Labor Law Claims, specifically for whom Plaintiff was providing services during the hours that she bases an entitlement to overtime compensation; and

b.   Defendants' faithless servant doctrine affirmative defense is legally sufficient.

---

[2] It is of import to note that Defendants further allege in their Answer that Plaintiff, as office manager, was an exempt employee not eligible for overtime pay pursuant to the FLSA and/or New York Labor Law. However, that issue is not before the Court in the instant motion.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

**A.     The Pleadings**

Plaintiff's Complaint alleges that Defendants failed to pay her overtime wages pursuant

to the FLSA and New York State Labor Law. (See Exhibit "A").  Plaintiff was employed by

Defendants from on or about September 30, 1993 through March 28, 2008.  (See Exhibit "A").

Defendants' Amended Answer ("Answer") to the Amended Complaint with Affirmative

Defenses and Counterclaims was filed and served on September 18, 2009. (See Exhibit "B").

Defendants' Answer asserts a twentieth affirmative defense based on the faithless servant

doctrine.  (See Exhibit "B" at pg. 7, paragraph 40).  Defendants' Answer also contains five

counterclaims based on the following causes of actions:

      a.     Breach of Fiduciary Duty;

      b.     Breach of the Duty of Loyalty;

      c.     Faithless Servant Doctrine;

      d.     Tortious Interference with Prospective Economic Advantage; and

      e.     Tortious Interference with Business Relations.

(See Exhibit "B" at pgs. 8-13).  Defendants base their twentieth affirmative defense and

counterclaims upon the following facts:

      a.     Plaintiff was employed by Feinberg, P.C., a psychiatric practice, as a an office manager during the time period of on or about September 30, 1993 to on or about March 28, 2008.  (See Exhibit "B" at paragraph 8 of Defendants' Counterclaims).

      b.     As office manager, Plaintiff would receive patient referrals for Defendants from various sources. (See Exhibit "B" at paragraph 9 of Defendants' Counterclaims).

      c.     As office manager, Plaintiff would also contact various sources and take other actions to obtain patient referrals for Defendants. (See Exhibit "B" at paragraph 10 of Defendants' Counterclaims).

d.      After Plaintiff obtained said referrals she would facilitate admission to an appropriate health care facility for examination and treatment by Defendant Barry L. Feinberg. (See Exhibit "B" at paragraph 11 of Defendants' Counterclaims).

e.      During the course of Plaintiff's employment with Defendants, Plaintiff on numerous occasions intentionally and wrongfully diverted Defendants' patient referrals to other Physicians which were in competition with Defendants in return for compensation. (See Exhibit "B" at paragraph 12 of Defendants' Counterclaims).

f.      Plaintiff further performed work and services for businesses non-related to Defendants while employed by Defendants. (See Exhibit "B" at paragraph 13 of Defendants' Counterclaims).

g.      Plaintiff engaged in the foregoing conduct during the course of her regular work hours for Defendants. (See Exhibit "B" at paragraph 14 of Defendants' Counterclaims).

h.      Plaintiff used Defendants' equipment for the purpose of engaging in such conduct. (See Exhibit "B" at paragraph 15 of Defendants' Counterclaims).

i.      As a result of Plaintiff's conduct, Defendants have lost substantial business due to a loss of patients and work thereby causing them damages. (See Exhibit "B" at paragraph 16 of Defendants' Counterclaims).

(See Exhibit "B" at pgs. 8-13).

Plaintiff's Answer to Defendants' Counterclaims admits that this Court possesses subject matter jurisdiction over Defendants' Counterclaims. (See Exhibit "C" at paragraph "2").

**B.**    **Plaintiff's Responses to Defendants' Requests for Admissions**

Plaintiff's Response to Defendants' First Request for Admissions admits the following:

a.      Plaintiff received patient referrals for Defendants during her employment with Defendants. (See Exhibit "D" at pg 2, paragraph 5).

b.      Plaintiff prepared a resume on her behalf with the use of Defendants' computer system. (See Exhibit "D" at pg 3, paragraph 11).

c.      Plaintiff performed services for William S. Belfar, M.D. (a direct competitor to Defendants) in support of his medical practice at various

times in 2000 and from December 2005 to March 28, 2008. (See Exhibit "D" at pg 3, paragraph 12).

d.      Plaintiff obtained patient referrals for William S. Belfar, M.D. (a direct competitor to Defendants) at various times in 2000 and from December 2005 to March 28, 2008. (See Exhibit "D" at pg 3, paragraph 13).

e.      Plaintiff received patient referrals for William S. Belfar, M.D. (a direct competitor to Defendants) at various times in 2000 and from December 2005 to March 28, 2008. (See Exhibit "D" at pg 3, paragraph 14).

f.      Plaintiff provided Yvette Farmer (employee of William S. Belfar, M.D.) with the names of patient referrals she obtained and/or received on behalf of William S. Belfar, M.D. (a direct competitor of Defendants) and Yvette Farmer would have the patients admitted to Gracie Square Hospital on behalf of William S. Belfar, M.D. at various times in or about 2007 to March 28, 2008. (See Exhibit "D" at pg 4, paragraph 18).

g.      Yvette Farmer was an employee of William S. Belfar, M.D (a direct competitor to Defendants) and/or his medical practice. (See Exhibit "D" at pg 4, paragraph 19).

h.      **Plaintiff used equipment owned by Defendants to perform services for William S. Belfar, M.D. (a direct competitor to Defendants) in support of his medical practice at various times in or about December 2005 to March 28, 2008. (See Exhibit "D" at pg 4, paragraph 20).**

i.      **Plaintiff performed services for William S. Belfar, M.D. (a direct competitor to Defendants) during the course of her regular work hours with Defendants at various times in or about December 2005 to March 28, 2008. (See Exhibit "D" at pg 5, paragraph 21).**

j.      Plaintiff received payment from William S. Belfar, M.D. (a direct competitor to Defendants) and other related entities for providing services in support of William S. Belfar M.D. and his medical practice during the time period of her employment with Defendants. (See Exhibit "D" at pgs 5-7, paragraphs 22-40).

Plaintiff's Response to Defendants' Second Request for Admissions admits the following:

> a. Plaintiff used the name/alias Lorraine in connection with receiving patient referrals and arranging the transfers of such patients to Gracie Square Hospital on behalf of William S. Belfar, M.D. (a direct competitor to Defendants) at various times between December 2005 and March 28, 2008. (See Exhibit "E" at pg 1, paragraph 1).

## C. The Parties Have Engaged in Substantial Discovery on Defendants' Twentieth Affirmative Defense and Counterclaims

At this point in time, the parties have each served and responded to two sets of discovery demands (Request for Documents, Interrogatories and Requests for Admissions) which covered the issue of Defendants' faithless servant doctrine affirmative defense and counterclaims.

A review of the witnesses identified in both Plaintiff's and Defendants' Objections and Responses to Interrogatories show that both parties' witness lists contain predominantly the same witnesses. (See Exhibit "F" and compare to Exhibit "G"). Defendants have obtained documents via subpoena from William S. Belfar, M.D., and his associated entities, which relate to Defendants' faithless servant doctrine affirmative defense and counterclaims. Defendants have also obtained documents from Gracie Square Hospital.

On October 29, 2009, Plaintiff took the deposition of Defendant Barry L. Feinberg. During the deposition, Plaintiff's counsel elicited testimony from Dr. Feinberg regarding the basis of Defendants' faithless servant doctrine affirmative defense and counterclaims. The deposition lasted an entire day. At the conclusion of the day, Plaintiff's counsel stated that he needs more time to complete Dr. Feinberg's deposition.

Plaintiff's deposition was scheduled to take place on November 12, 2009. Pursuant to the request of Plaintiff, the deposition was adjourned. The parties are in the process of rescheduling the depositions.

# ARGUMENT

## POINT I

## THIS COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER DEFENDANTS' COUNTERCLAIMS

**A.      Plaintiff's Motion Misapprehends <u>Torres</u> and the Supplemental Jurisdiction Statute**

Plaintiff's assertion that this Court does not possess subject matter jurisdiction over Defendants' counterclaims is based upon a completely erroneous proposition. Specifically, that under <u>Torres v. Gristede's Operating Corp.</u>, 628 F. Supp. 2d 447 (S.D.N.Y. 2008), federal courts, without exception, lack subject matter jurisdiction over "faithless servant doctrine" counterclaims asserted in FLSA cases. A cursory reading of <u>Torres</u> and similar case law shows that this is simply not the case because consistent with the supplemental jurisdiction statute, 28 U.S.C. §1367, this Court may assume supplemental jurisdiction over Defendants' faithless servant doctrine and other counterclaims as long as those counterclaims arise from the same "case or controversy" as Plaintiff's FLSA action, regardless of whether those counterclaims are deemed compulsory or permissive.[3]

Here, based on the underlying facts <u>which include Plaintiff's own admissions served in response to Defendants Requests for Admissions</u>, Defendants' counterclaims are clearly derived from the same case or controversy as Plaintiff's FLSA claim. The central issue in Plaintiff's case, assuming she is not an exempt employee, is whether Plaintiff worked sufficient hours for Defendants' practice to qualify for overtime compensation. Defendants' counterclaims allege that during the course of Plaintiff's employment with them, and during the course of her regular

---

[3] Contrary to Plaintiff's argument, this Court may assume supplemental jurisdiction over permissive counterclaims regardless of whether they have an independent basis for jurisdiction.

work hours, she worked for a direct competitor to Defendants as well as on her own personal business and used Defendants' equipment to provide such services. Both the initial claim and the counterclaims indisputably require the trier of fact to determine for whom Plaintiff was actually working when she claims to have earned overtime. These allegations are inseparable, and addressing them in separate actions would fly in the face of judicial economy. Plaintiff's motion should thus be denied.

**B.     The Court Should Exercise Supplemental Jurisdiction Over Defendants' Counterclaims Because they are Compulsory**

28 U.S.C. §1367(a) states that, absent certain statutory exceptions: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). To satisfy this standard, the supplemental claim and the main claim must "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed.2d 281 (1966). Claims derive from a common nucleus of operative fact if they would ordinarily be expected to be tried in one judicial proceeding. Id.

Supplemental jurisdiction may be asserted over compulsory or permissive counterclaims that satisfy those requirements, regardless of whether either have an independent basis for jurisdiction. Jones v. Ford Motor Credit Company, 358 F. 3d 205, 213 (2d Cir. 2004) ("after §1367, it is no longer sufficient for courts to assert . . . that permissive counterclaims require independent jurisdiction. . . . We share the view that §1367 has displaced, rather than codified, whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction[.]"); accord, Fentner v. Tempest Recovery Services, Inc., 2008 WL 4147346, *2

(W.D.N.Y. 2008)("it has been held that it is no longer necessary to distinguish between permissive and compulsory counterclaims inasmuch as §1367 has established new criteria for determining the existence of supplemental jurisdiction.")

Though not determinative of supplemental jurisdiction, the distinction between compulsory and permissive counterclaims can be of assistance to the court in deciding whether it should take supplemental jurisdiction over a particular matter: "[a]lthough supplemental jurisdiction could exist in either instance . . . supplemental jurisdiction would certainly exist over a compulsory counterclaim." Kristensons-Petroleum, Inc. v. Sealock Tanker Co., Ltd., 304 F. Supp. 2d 584, 588 (S.D.N.Y. 2004). To that end, Rule 13(a) of the Federal Rules of Civil Procedure defines a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The Second Circuit considers this standard met when there is a "logical relationship" between the main claim and the counterclaim. Jones, supra, 358 F. 3d at 209. The "logical relationship" test "does not require an absolute identity of factual backgrounds," but does require the essential facts of the claims to be "so logically connected that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit." Kristensons, supra, 304 F. Supp. 2d at 588. Counterclaims that do not meet these criteria are deemed permissive. Fed. R. Civ. P. 13(b).

Here, all of Defendants' counterclaims are compulsory. The resolution of Plaintiff's main FLSA claim and Defendants' supplemental counterclaims turns on whether Plaintiff worked the hours she is claiming entitle her to overtime on behalf of Defendants, or, as Defendants' counterclaims allege, on behalf of his competitor and on her own personal business.

Importantly, Plaintiff has already admitted to the allegations contained in Defendants'

counterclaims. Specifically, Plaintiff's Responses to Defendant's First and Second Requests for

Admissions admit that during the course of her employment with Defendants, and during the

course of her regular work hours, she worked for a direct competitor to Defendants (Dr. William

S. Belfar, M.D.) as well as on her own personal business and used Defendants' equipment to

provide such services. (See Exhibit "D"). Plaintiff also admits to using an alias to

surreptitiously refer patients to Gracie Square Hospital on Dr. Belfar's behalf, so as not to alert

the hospital (which knew she was Defendants' employee) to her double-dealing. (See Exhibit

"D"). These facts, at minimum, call into question the validity of Plaintiff's FLSA claim because

Plaintiff is not entitled to compensation, overtime or otherwise, for hours she did not actually

work for Defendants. As the facts underlying both the main claim and the supplemental

counterclaim are inextricably intertwined, the counterclaims are clearly compulsory and the court

should take supplemental jurisdiction over them.

Considerations of judicial economy also favor the assumption of supplemental

jurisdiction over Defendants' counterclaims. First, as explained above, the facts and

circumstances essential to proving both the main claim and the counterclaims are nearly

identical. Specifically, whether Plaintiff worked the appropriate amount of hours to obtain

eligibility for overtime compensation or whether she spent those same hours working for

Defendants' competitor and on her own personal business which would preclude her from

counting those hours towards overtime compensation entitlement.

Similarly, in the parties' responses to each other's written discovery demands, the parties

have identified predominantly the same witnesses in support of their respective claims. Under

these circumstances, assuming jurisdiction over Defendants' counterclaims would avoid

duplicative testimony and potentially inconsistent rulings in a separate state court action. Lastly, the parties have already engaged in substantial discovery on defendant's counterclaims. Undoing those efforts at this stage, particularly where Plaintiff admitted the Court's jurisdiction over Defendants' counterclaims in her Answer to Defendants' Counterclaims, flies in the face of judicial economy. (See Exhibit "C"). Based on the foregoing facts, the Court should continue to exercise supplementary jurisdiction over Defendants' counterclaims.

## C. Torres Does Not Prohibit Federal Courts From Taking Supplemental Jurisdiction Over A Faithless Servant Doctrine Counterclaim in an FLSA Action

In her brief, Plaintiff completely misstates and misrepresents this Court's decision in Torres. There, certain of defendant Gristede's former managers brought a class action under the FLSA, alleging that the company had failed to pay them overtime to which they were entitled. Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 453 (S.D.N.Y. 2008). Gristede's subsequently filed "faithless servant doctrine" counterclaims against two of those managers, alleging that one, Torres, sexually harassed co-workers during the course of his employment and that the other, Chewning, engaged in credit card fraud. Id. at 466-68. In deciding whether to assert supplemental jurisdiction over those counterclaims, this Court engaged in the same analysis discussed above, considering first whether the counterclaims were compulsory or permissive, and then whether, regardless of that determination, they fell within the ambit of §1367's "case or controversy" requirement. Id. This Court concluded, based on an analysis of the specific facts of the counterclaims, that they were not compulsory, and that it should not assume supplemental jurisdiction over them. Id. Importantly, the Court did not recite a general rule that "faithless servant doctrine" or similar counterclaims may never be considered together with FLSA claims. The Court instead based its decision on the fact that Gristede's did not allege that plaintiffs' harassing and potentially fraudulent conduct had any effect on their hours worked

and wages. Moreover, the only relationship between the claims were that they arose out of Plaintiffs' employment. Id. Absent such a connection, the Court reasoned, the counterclaims could neither be considered compulsory, nor part of the same case or controversy as the FLSA class action.[4] Torres stands only for the well-settled proposition that the determination of whether any counterclaim arises from the same case or controversy as the initial claim requires a fact-specific inquiry on the part of the Court.

There are no cases within the Southern District of New York, the Second Circuit, or any other federal jurisdiction that prohibit a federal court from taking supplemental jurisdiction over a faithless servant doctrine or similar counterclaim in an FLSA matter. In fact, courts have consistently held to the contrary. Specifically, that business tort counterclaims filed in response to an FLSA claim are compulsory and subject to the Court's supplemental jurisdiction if they have a bearing on whether Plaintiff actually worked the appropriate amount of hours, for the defendant employer, to be eligible for overtime compensation.

---

[4] This Court's unreported decision in Sanders v. Madison Square Garden L.P., 2007 WL 1933933 (S.D.N.Y. July 2, 2007) is of no moment here. In that case, this Court held, on defendant's motion to amend its answer to include a faithless servant counterclaim, that defendant had not alleged sufficient facts to support the claim. Id. at *4. The Court did not discuss the jurisdictional issues raised in the instant motion, nor do they have any bearing on the decision in that matter.

That said, the facts in Sanders are quite different than in the matter at hand. The Sanders court disallowed defendant's request for leave to assert a faithless servant doctrine counterclaim because the unethical conduct allegedly supporting that claim (that plaintiff was either running an outside business or committing tax fraud) did not affect plaintiff's job or her performance. Id. Defendant's proposed counterclaim also failed to allege any connection between the outside business/tax fraud and plaintiff's job performance. Id. Based on those failures, the Court held that defendant could not make out a faithless servant claim under New York law, and denied the amendment. Id.

That is certainly not the case here. As explained above, Plaintiff has admitted that, during the hours she claims to have been working for Defendants, she was instead obtaining patient referrals – the very function she was supposed to be performing for Defendants – for one of Defendants' direct competitors, Dr. Belfar. As if this were not enough, she then misrepresented to Defendants that she had actually worked the hours she spent obtaining referrals for Dr. Belfar for Defendants' benefit; Dr. Feinberg, assuming his employee's honesty and loyalty, did not question her representations and paid her for that time. Plaintiff's admitted diversion of her employer's business opportunities to a competitor, fraudulent demands for compensation to which she was not entitled, and performance of personal business during her regular work hours with the use of Defendants' equipment clearly affects her job performance in the manner contemplated by the faithless servant doctrine.

For example, in <u>Zambrana v. Geminis Envios Corp.</u>, 2008 WL 2397624 (S.D. Fla. 2008)

plaintiff filed a claim against defendant employer, alleging that defendant failed to pay him

earned overtime.  In response, defendant asserted a counterclaim for tortious interference with

business opportunity, alleging that plaintiff stole its customer list for his own gain.  <u>Id.</u> at *3.  In

its decision on plaintiff's motion to dismiss the counterclaim for want of jurisdiction, the Court

held that the counterclaim was compulsory and assumed supplemental jurisdiction over it,

reasoning:

> In order to determine whether plaintiff is entitled to receive
> overtime wages and to calculate the total value of plaintiff's
> overtime wage claim, it will be necessary to establish the number
> of hours plaintiff worked for defendants.  The basis of defendants'
> tortious interference counterclaim is that during the time that
> plaintiff was supposed to be and appeared to be working for
> defendants, he was actually stealing their customers for his own
> benefit.  Therefore, the question of whether plaintiff was genuinely
> working for defendants on the one hand or whether he gave the
> impression of working for defendants while he accessed
> defendants customer lists to steal their customers is central to both
> plaintiff's FLSA claim and defendants' tortious interference
> counterclaim.

<u>Id.</u> at *3

The Court reached a similar result in another FLSA action, <u>Ahle v. Veracity Research</u>

<u>Co.</u>, 641 F. Supp. 2d 857 (D. Minn. 2009).  There defendant employer asserted counterclaims for

misappropriation, misrepresentation and breach of the duty of loyalty stemming from plaintiffs'

falsification of their time and mileage reports and dereliction of duty.  <u>Id.</u> at 862-63.  The Court

held that those counterclaims were compulsory and took jurisdiction over them because they

"involve a factual question that, like the FLSA overtime claims, concern whether [plaintiffs] are

entitled to compensation for time they claimed they were working."  <u>Id.</u>

Next, in Arcusa v. Lisa Coplan-Garder, P.A., 2007 WL 3521986 (M.D. Fla. 2007), the Court held that defendant's counterclaim for conversion, which was based on evidence that plaintiff was operating her own commercial enterprise and using defendant's resources and systems, was compulsory and assumed supplemental jurisdiction over that claim. Id. at *1. Focusing on the factual relationship between plaintiff's FLSA claim and defendant's counterclaim, the Court recognized that "the firm's reason for denying any overtime pay and for terminating Arcusa's employment was due to the alleged conversion. Therefore, the Court found that the Firm's conversion counterclaim is logically related to Arcusa's FLSA claims, and the counterclaim is compulsory." Id. at *2.

Finally, in Lombardi v. City of Cornersville, TN, 2007 WL 190324 (M.D. Tenn. 2007), Defendant asserted a counterclaim against plaintiff for wrongfully appropriating funds, bonuses and wages during the course of his employment, in response to plaintiff's FLSA claims. Id. at *1. As in the above cases, the Court held that defendant's misappropriation counterclaims were compulsory and took jurisdiction over them, explaining that the same factual and credibility issues were central to both claims because they revolved around whether Plaintiff actually performed work for the employer that would entitle him to overtime compensation. Id. at *2.

It is submitted that the above cases prove that Plaintiff's assertion that federal courts cannot assume jurisdiction over faithless servant or similar counterclaims in FLSA actions is without foundation in the law, and should be completely disregarded, both as a purported general rule and on the facts presented here. Plaintiff claims that she is due overtime for hours she worked on Defendants' behalf under the FLSA, and Defendants have asserted counterclaims charging Plaintiff with breaches of her fiduciary duty and duty of loyalty, faithless servant doctrine, tortious interference with prospective economic advantage and tortious interference

with business relations, which all have a direct relationship to the issue of whether Plaintiff worked the appropriate amount of hours to obtain overtime compensation eligibility or whether she spent those same hours working for a competitor and on her own personal business to which she would not be entitled to such compensation. These are the exact same claims asserted by the parties in the above cases, and these claims are as equally intertwined as those described in the cases above. It is thus abundantly clear that the Court should continue to assume supplemental jurisdiction over Defendant's counterclaims. Consequently, Plaintiff's motion seeking to dismiss Defendants' counterclaims must be denied in its entirety.

## POINT II

## DEFENDANTS' FAITHLESS SERVANT
## AFFIRMATIVE DEFENSE IS LEGALLY SUFFICIENT

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party is entitled to judgment on the pleadings if it has established "that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." Juster Associates v. City of Rutland, Vermont, 901 F.2d 266, 269 (2d Cir. 1990). Where material fact issues remain, however, judgment on the pleadings is inappropriate. George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977).

With regard to Rule 12(f) of the Federal Rules of Civil Procedure, it is well established in the Second Circuit that:

> [a] motion to strike an affirmative defense under Rule 12(f),
> Fed.R.Civ.P. for legal insufficiency is not favored.

William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed. 2d 731 (1986); SEC v. Toomey, 866 F.Supp. 719, 721-22 (S.D.N.Y. 1992); Carter-Wallace, Inc. v. Riverton Labs, Inc., 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969). In order to succeed on a motion to strike an affirmative defense, a plaintiff must establish the following three elements: (1) that there is no question of fact which would allow the defense to succeed; (2) that there is no question of law which would allow the defense to succeed; and (3) that the plaintiff would suffer prejudice from inclusion of the defense. Toomey, 866 F.Supp. at 722; See also Salcer, 744 F.2d at 939. A court is obligated to construe a defendant's affirmative defenses liberally. Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 564 (S.D.N.Y. 1989).

The faithless servant doctrine provides that an agent is obligated "to be loyal to his employer and is 'prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'" Sanders v. Madison Square Garden, L.P., 2007 W.L. 1933933 * 3 (S.D.N.Y. 2007) quoting Western Elec. Co. v. Brenner, 41 N.Y.2d 291, 295 (1977), quoting Lamdin v. Broadway Surface Adver. Corp., 272 N.Y. 133, 138 (1936). In order to assert a claim pursuant to the faithless servant doctrine it must be shown that: (1) the employee's disloyal activity was related to the performance of his duties; and (2) that the disloyalty permeated the employee's service in its most material and substantial part. Id. citing Phansalkar v. Anderson Weinroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003). An employer will be entitled to a return of compensation during the period of the employee's disloyalty. Phansalker citing Maritime Fish Prods., Inc. v. Worldwide Fish Prods., Inc., 100 A.D.2d 81, 474 N.Y.S.2d 281, 287 (1st Dep't 1984). There is no requirement to prove that an employer suffered damages based on the employee's conduct. Id. citing Feiger v. Iral Jewelry Ltd., 41 N.Y.2d 928, 928-929, 394 N.Y.S.2d 626 (1977).

In the instant case, Plaintiff cannot satisfy the above listed elements in order to obtain the dismissal of Defendants' faithless servant doctrine affirmative defense.

First, Plaintiff cannot prove that there is no question of fact which would allow the defense to succeed under either Rule 12(c) or (f) of the Federal Rules of Civil Procedure. In this regard, Plaintiff cannot prove that on an undisputed factual basis, Defendants' faithless servant doctrine affirmative defense could not succeed. Consistent with this fact, Plaintiff's moving papers do not even address this issue.

Moreover, if anything can be taken from the facts obtained via the discovery process, it is that Plaintiff engaged in the type of conduct which supports Defendants' faithless servant

doctrine affirmative defense. More specifically, Plaintiff's Responses to Defendants' First and Second Requests for Admissions admit that during the course of Plaintiff's employment with Defendants, and during the course of her regular work hours, she worked for a direct competitor to Defendants as well as on her own personal business and used Defendants' equipment to provide such services. Plaintiff's admissions clearly show that she cannot satisfy the first factor required to strike Defendants' faithless servant doctrine affirmative defense by proving that there exists one set of undisputed facts which warrant the dismissal of the affirmative defense. (See Exhibits "D" and "E" respectively). This holds especially true in light of the Court's obligation to construe the affirmative defense liberally. See Bennett at 564.

Second, for the same reasons addressed above, Plaintiff cannot prove that there is no question of law which would allow the defense to succeed.

Third, Plaintiff cannot show prejudice if the affirmative defense were to stand. Plaintiff merely states that she might be required to participate in the taking of additional depositions based on the witnesses identified in Defendants' Objections and Responses to Plaintiff's Interrogatories. There exists no legal precedent to support such a conclusion, and consistent with this fact, Plaintiff fails to cite to even one case in support of her contention. Moreover, a review of the witnesses identified in both Plaintiff's and Defendants' Objections and Responses to Interrogatories show that both parties' witness lists contain a majority of identical witnesses.[5]

Finally, it is understood that Plaintiff contends, absent any legal authority, that Defendants' faithless servant doctrine affirmative defense should be stricken because even if Defendants are successful on the claim, they will still be obligated to pay Plaintiff for unpaid

---

[5] It is of import to note that the lists contain the names of individuals who possess knowledge of facts relating to the parties' claims and that just because someone is named does not necessarily mean that they would be called to provide testimony in this case.

overtime. Plaintiff also contends that permitting the affirmative to stand would not foster judicial economy. Plaintiff is again mistaken.

In this regard, if Defendants are successful on their faithless servant doctrine affirmative defense, Plaintiff would be required to either forfeit or return any compensation earned during the period of her disloyalty. See Phansalker citing Maritime Fish Prods., Inc. Moreover, a finding would show that she engaged in non-work related conduct during the course of her work hours which would in turn show that she did not work the appropriate amount of hours required to be eligible for overtime compensation. Simply put, notwithstanding the fact that Plaintiff may be required to forfeit or return compensation, any time accrued working for a competitor or for herself cannot be applied towards overtime entitlement. Thus, any finding that Plaintiff violated the faithless servant doctrine could offset, reduce and/or negate any finding of entitlement to overtime pay. Plaintiff cannot prove otherwise.

Moreover, contrary to Plaintiff's contention, the only way to foster judicial economy would be to permit the affirmative defense to stand. In this regard, the parties' claims are so inextricably intertwined that they must be tried together. This is because, as in the cases cited in Point I supra, both claims revolve around what Plaintiff specifically did during the hours that she claims she was working for defendants. On the one hand, Plaintiff claims in her Complaint that she solely performed services for Defendants on an hourly basis that would entitle her to overtime compensation. On the other hand, Defendants' affirmative defense contends that she violated the faithless servant doctrine because during the course of her employment with Defendants, and during the course of her regular work hours, she worked for a direct competitor to Defendants as well as for herself and used Defendants' equipment to provide such services. It cannot be stressed enough that Plaintiff's Responses to Defendants' Requests for Admissions

support Defendants' claims. To this end, even if the Court were to strike Defendants' faithless servant affirmative defense, the issue of whether Plaintiff worked enough hours to claim entitlement to overtime would still be addressed at the trial of this case because Defendants would still be able to contest Plaintiff's case on the basis that she did not work the appropriate number of hours for overtime compensation eligibility because as admitted in her responses to admissions she was performing services for other employers as well as herself during that time. This would include but not be limited to taking the testimony of the exact same witnesses and the admission of the exact same documents to refute Plaintiff's case.

It is of further import to note that the parties have engaged in substantial discovery in this case on the faithless servant doctrine, which is also asserted as a counterclaim.

If Defendants were required to file a new claim in State Court not only would they have to start the discovery process all over again but they would also be required to try the exact same case with the same witnesses in separate forums. It is submitted that forcing Defendants to take such action under the current circumstances clearly would not foster judicial economy.

In light of the foregoing, Defendants' faithless servant affirmative defense must not be stricken pursuant to Rules 12 (c) and/or (f ) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff's Motion for an Order

Seeking to Dismiss Defendants' Counterclaims and Striking their Twentieth Affirmative Defense

pursuant to Rules 12(c) and (f) of the Federal Rules of Civil Procedure be denied in its entirety

together with attorneys' fees, costs and disbursements of this proceeding and for such other and

further relief as this Court deems just and proper.

Dated: New York, New York
      December 18, 2009

PECKAR & ABRAMSON, P.C.

By: _____
      Aaron C. Schlesinger (AS-8744)
      Attorneys for Defendants
      Barry L. Feinberg, M.D., P.C. and
      Barry L. Feinberg
      41 Madison Avenue, 20th Floor
      New York, New York 10010
      (212) 382-0909