UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEPHANIE MARKBREITER,

Plaintiff,

-against- 09 Civ. 5573 (LAK)

BARRY L. FEINBERG, M.D., P.C., et ano.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

Robert A. Meister
Karen Kranson
PEDOWITZ & MEISTER, LLP
*Attorneys for Plaintiff*

Aaron C. Schlesinger
Robert H. Benacchio
PECKAR & ABRAMSON, P.C.
*Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

Plaintiff, who formerly worked as a secretary and clerical assistant (according to plaintiff) or office manager (according to defendants) to the defendant physician, here seeks to recover under the Fair Labor Standards Act ("FLSA") and the New York Labor Law for allegedly unpaid overtime. Defendants have asserted an affirmative defense and counterclaims based on the faithless servant doctrine, alleging that plaintiff during her employment and, indeed, during her

working hours with defendants wrongfully diverted patients from defendants to other physicians in exchange for kickbacks. Plaintiff moves to dismiss the counterclaims for lack of subject matter jurisdiction and to strike the affirmative defense as legally insufficient.

*Jurisdiction*

"[N]o independent basis of federal jurisdiction is needed for the court to adjudicate the ancillary issues . . . raised [by a compulsory counterclaim], if the main claim . . . presents a colorable federal issue."[1] A permissive counterclaim, however, is cognizable in federal court only if there is an independent basis of jurisdiction over it.[2] The distinction between the two lies in the fact that a compulsory counterclaim must "arise[] out of the same transaction or occurrence that is the subject matter of the opposing party's claim" as well as meeting another requirement not pertinent here.[3]

Plaintiff argues that the counterclaims do not satisfy the "same transaction or occurrence" standard because the subject of her complaint is whether she improperly was denied overtime for the hours she worked whereas the counterclaim involves defendants' allegations that she dishonestly took kickbacks to refer patients to competing doctors and, perhaps worse yet, did so during her regular working hours. They rely on *Torres v. Gristede's Operating Corp.,*[4] where

---

1 *Scott v. Long Island Sav. Bank, F.S.B.,* 937 F.2d 738, 742 (2d Cir. 1991).

2 *Harris v. Steinem,* 571 F.2d 119, 122 (2d Cir. 1978).

3 FED. R. CIV. P. 13(a)(1)(A).

4 628 F. Supp. 2d 447 (S.D.N.Y. 2008).

the court concluded that the defendant's faithless servant claim against a wage-and-hour plaintiff was not a compulsory counterclaim because it bore no relationship to the "chain-wide compensation practices" upon which the plaintiff's claim centered.[5] But her argument is not persuasive for two related reasons.

First, a counterclaim arises out of "the same transaction or occurrence" as the plaintiff's claim "whenever any logical relationship between the claims can be found."[6] Here, the counterclaim seeks to recover compensation defendants paid to plaintiff for hours during which she allegedly was acting on behalf of competing physicians to attract defendants' patients whereas plaintiff seeks, at a minimum, to count those same hours in determining her entitled to overtime compensation. The "logical relationship" between the complaint and the counterclaim is patent.

Second, *Torres,* assuming it was correctly decided, was quite a different case. There the complaint depended on chain-wide compensation practices whereas the counterclaim turned on the plaintiff's specific behavior. Here, on the other hand, we have no chain-wide compensation practices. The focus of the entire case is on the single employer-employee relationship between the plaintiff and these defendants, which necessarily involves the question whether plaintiff was doing what defendants hired her to do during the hours for which they paid her.

Accordingly, I conclude that the counterclaims are compulsory and that no independent basis of jurisdiction is required.

---

5 *Id.* at 466.

6 *Scott,* 937 F.2d at 742-43 (quoting 6 C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1410, at 78 (2d ed. 1990)).

*The Twentieth Affirmative Defense*

Plaintiff seeks also to strike the twentieth affirmative defense, which asserts the faithless servant doctrine, on the theory that it is no defense to an action to recover for violation of the overtime requirements of the FLSA or the Labor Law.

Under the faithless servant doctrine, a faithless employee forfeits the right to compensation, at least for services that are tainted by the dishonesty and perhaps more broadly.[7] Defendants therefore have a cause of action against plaintiff for damages for her alleged dereliction of duty. So, even if such a claim is not an "affirmative defense" in the sense that it is an independent bar to plaintiff's recovery, a matter I need not now decide, it does give rise to a partial defense on a theory of recoupment or setoff.

*Conclusion*

For the foregoing reasons, plaintiff's motion to dismiss the counterclaims and strike the twentieth affirmative defense [DI 15], which was docketed improperly as a motion for judgment on the pleadings, is denied in all respects.

SO ORDERED.

Dated: January 29, 2010

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

7 *See, e.g., Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 146-47 (2d Cir. 1998); *Musico v. Champion Credit Corp.,* 764 F.2d 102 (2d Cir. 1985); *Interpool Ltd. v. Patterson,* 874 F. Supp. 616, 620-22 (S.D.N.Y. 1995).